**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Terry Wayne PIERCE, Defendant— Appellant.**

No. 02–10355.

D.C. No. CR–01–00895–MHM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 2003.

Decided May 28, 2003.

Before HAWKINS, W. FLETCHER, Circuit Judges, and BREYER,* District Judge.

* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

## MEMORANDUM**

We affirm the District Court's denial of the defendant's motion to suppress. The questions the officer asked the defendant during the initial phase of the traffic stop were reasonably related to the justification for the stop and thus did not violate the Fourth Amendment. *See United States v. Perez,* 37 F.3d 510, 513 (9th Cir.1994). Under the totality of the circumstances, the officer had a particularized and objective basis for suspecting the defendant was engaged in illegal activity so as to justify the defendant's further detention awaiting the arrival of a canine unit. *See United States v. Arvizu,* 534 U.S. 266, 273–74, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). It is objectively suspicious for a motorist to travel from Tennessee to California to visit a friend for only one day; it is more suspicious for that motorist to make the one-day visit because he (the motorist) is undergoing chemotherapy for a possibly fatal disease; finally, it is even more suspicious for that motorist not to know that friend's address. This information, combined with the defendant's increasingly nervous demeanor during the course of the traffic stop (he began to speak rapidly, stutter, shift his weight, and sweat profusely) and the excessive mileage on the defendant's past-due rental car, created a "particularized and objective basis" for the officer to suspect that criminal activity was afoot. *Id.* at 273 (internal quotation marks omitted). Therefore, the defendant's continued detention did not violate the Fourth Amendment.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.